United States District Court
                       District of Massachusetts

```
_____
                              )
Iman I. Nahhas,               )
                              )
        Plaintiff,            )
                              )
        v.                    )    Civil Action No.
                              )    24-10041-NMG
Commissioner of Social Security, )
                              )
        Defendant.            )
                              )
_____)
```

                         MEMORANDUM & ORDER
GORTON, J.

   In this dispute arising out of the denial of Social Security benefits, plaintiff, Iman I. Nahhas ("plaintiff"), and defendant, the Commissioner of Social Security ("defendant"), have filed competing motions to reverse and remand plaintiff's claim. The issue is whether, on remand, plaintiff should be afforded a new hearing.

   Under 42 U.S.C. §405(g), district courts have the authority to affirm, modify or reverse a decision of the Commissioner of Social Security "with or without remanding the cause for a rehearing." Shalala v. Schaefer, 509 U.S. 292, 297 n.1 (1993). A decision whether to remand a matter with a new hearing is therefore a matter of discretion for the Court. See Lopez v. Davis, 531 U.S. 230, 240 (1997) ("Congress'[s] use of the word 'may' [in a statute represents] a grant of discretion.").

Although the First Circuit has not addressed the issue, other courts have recognized that a court's discretion to deny rehearing under §405(g) is an exception to the general rule requiring a hearing on remand. Treichler v. Comm'r of Soc. Sec., 775 F.3d 1090, 1100 (9th Cir. 2014). Hearings are rarely denied and only if "no useful purpose would be served by further . . . proceedings" because the record has already been fully developed. Id.

In urging this Court to exercise its discretion to deny rehearing on remand, the Commissioner cites HALLEX, the Social Security Administration's internal policies, which grants an Administrative Law Judge ("ALJ") discretion to deny a new hearing. See HALLEX II-5-1-3. HALLEX is not, however, binding and does not create any judicially enforceable requirements or rights. See Narvaez v. Berryhill, No. CV 17-12580-FDS, 2019 WL 1379874, at *7 (D. Mass. Mar. 27, 2019) (citing Justiniano v. Social Security Admin., 876 F.3d 14, 29 (1st Cir. 2017)).

Plaintiff, by contrast, claims that a new hearing before an ALJ is necessary in this case to allow her a fair opportunity to present additional evidence from a vocational expert which defendant concedes is the reason for the remand in the first place. Other courts, in applying the language regarding discretionary rehearing under 42 U.S.C. § 405(g), have granted rehearing in such circumstances. See, e.g., Casterioto v. Comm'r

of Soc. Sec., No. 2:23-CV-791-KCD, 2024 WL 493450, at *1 (M.D. Fla. Jan. 23, 2024) (requiring rehearing where plaintiff sought to "elicit further testimony from the vocational examiner"); Springer v. Comm'r of Soc. Sec., 451 F. Supp. 3d 744, 768 (E.D. Mich. 2020) (same); Henderson v. Saul, No. 17-2846, 2019 WL 5549907, at *7 (D.D.C. Oct. 28, 2019) (same); cf. Wilfredo M. v. Comm'r of Soc. Sec., No. CV 20-07212 (RBK), 2021 WL 5770260, at *4 (D.N.J. Dec. 6, 2021) (denying request for rehearing on remand where there were no "evidentiary issues" and no "additional testimony . . . required"); Diane B. v. Comm'r of Soc. Sec., No. 2:18-CV-1-JMC, 2018 WL 5024171, at *5 (D. Vt. Oct. 16, 2018) (same). This Court will follow suit and exercise its discretion to allow plaintiff an opportunity for rehearing.

### ORDER

For the foregoing reasons,

1) the motion of plaintiff, Iman Nahhas, to reverse the decision of defendant, the Commissioner of Social Security, (Docket No. 11), and remand is **ALLOWED**; and

2) the motion of defendant, the Commissioner of Social Security, to remand (Docket No. 13) is, as to the request for remand, **ALLOWED** but as to his request for no rehearing, **DENIED**.

This matter is remanded to the Commissioner of Social Security with instructions to convene a rehearing.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: December, 30 2024